GEORGE HOAG AND MARTHA HOAG, PLAINTIFFS-RE-
SPONDENTS, v. MARY MILLER AND FRANK MILLER,
DEFENDANTS-APPELLANTS.

Submitted May 16, 1930—Decided December 12, 1930.

Before Justices CASE, DALY and DONGES.

For the appellants, *Clyde Christie.*

For the respondents, *Morris B. Kantoff* and *W: Stanley Naughright.*

PER CURIAM.

This appeal brings up a judgment of the District Court of the First Judicial District of Bergen county in favor of plaintiffs and against the defendants for $500 damages, and costs.

The facts as disclosed are that plaintiffs had agreed to purchase from the defendants two certain lots in Bergenfield, New Jersey, for the sum of $1,000. By the terms of the agreement plaintiffs were to pay $50 on the execution of the agreement, and the balance of $950 in monthly install-ments of $10 each, beginning with the first day of February, 1925. The initial payment of $50 and the monthly install-ments of $10 each were paid up to November 15th, 1928. The plaintiffs likewise paid taxes for several years on the lots.

The dispute arises over the question of payment of in-stallments beginning on or about December 1st, 1928, when

it was alleged on the part of the plaintiffs that certain checks to cover several monthly payments were put in the mail addressed to the defendant Mary Miller. These checks, defendants assert, were never received. On or about April 27th, 1929, plaintiff Martha Hoag deposited in the mail an envelope addressed to the defendant Mary Miller, containing a check in the sum of $50, which envelope and check were returned to the plaintiff with the notation "refused," and thereafter on June 25th, 1929, she mailed a check for $10, which was returned in the same manner.

The question of fact involved was whether there was a default in the payment of installments after November 15th, 1928, the plaintiff asserting that such payment was in advance of the December 1st, 1928, installment, and the defendant Mary Miller insisting that the payment of November 15th was for the installment then overdue as of November 1st. The defendant Mary Miller testified that she did not receive the envelopes and checks prior to April, 1929, and that default having continued for a long time, and the plaintiff Martha Hoag having during November or December, 1928, told her that she did not want the lots and that she did not intend to go forward with the contract, defendant assumed that the plaintiffs had terminated their undertaking.

The state of the case exhibits a situation which raised a question of fact as to whether there had been a default on the part of the purchasers in failing to pay taxes and to pay the monthly installments as they fell due. It would appear from the state of the case that the question of waiver of payment in cash instead of by check was fairly in the case. *Brown v. Ely*, 92 *N. J. Eq.* 487; 26 *Rul. Cas. L.* 638.

There appears, however, one insurmountable objection to the judgment in this case. The state of demand alleges that the failure of defendants to accept payments constitutes the basis of the action, and thereby plaintiffs seek damages for the alleged breach of contract, that is to say, the refusal of defendants to receive payments. The state of the case is barren of any proof of any damages sustained by plaintiffs. The only proof of any sort was as to the amount of install-

ment payments made by plaintiffs to defendants. The re-covery of these sums was not the basis of the suit.

It appears, therefore, that there is no testimony to sus-tain a verdict for damages for the alleged failure of de-fendants to perform their contract. For this reason the judgment of the District Court is reversed and the case remanded for a new trial.